UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| XTRA LEASE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-CV-684 HEA |
| RIDEWAY EXPRESS, INC., | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff XTRA Lease LLC's Motion to Remand. (ECF No. 9). Defendant Rideway Express, Inc. opposes the motion, which is fully briefed and ripe for review. For the reasons following, Plaintiff XTRA Lease LLC's motion to remand is granted.

### *Background*

On April 7, 2025, Plaintiff XTRA Lease LLC ("XTRA") filed a Petition against Defendant Rideway Express ("Rideway") in the Circuit Court of St. Louis County, Missouri. In its Petition, XTRA alleges that it agreed to lease trailers to Rideway, and Rideway has failed to meet all payment requirements under the terms of certain agreements between the parties. XTRA further alleges that it has demanded return of the equipment, and Rideway has refused. XTRA attached to its Petition copies of six "Equipment Rental Agreements," (ECF No. 6, Ex. 1), as well as a copy of a document titled "Standard Terms and Conditions." XTRA also

attached to its Petition copies of demand letters that are dated February 21 and March 4, 2025, and are addressed to Livia Taulean, the President of Rideway. The letters give notice of default and demand immediate payment. Attached to the letters are invoices and customer statements that are billed to Rideway.

In its Petition, XTRA brings the following three claims against Rideway: breach of contract (Count I); action on account (Count II); and quantum meruit (Count III). All three are common law claims under state law. For relief, XTRA seeks $65,322.08, as well as interest, attorneys' fees, and costs.

On May 13, 2025, Rideway removed the case to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.[1] Following removal, XTRA filed its Motion to Remand. XTRA does not dispute that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, but rather, XTRA argues that Rideway waived its right to remove, because the parties entered into an agreement with a forum selection clause, wherein the parties agreed to submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri. Rideway opposes remand, asserting that XTRA has failed to prove the existence of an agreement between the parties, which is a prerequisite to the enforcement of a forum selection clause.

---

[1]Rideway avers that it is a Wyoming corporation with its principal place of business in Pennsylvania. It alleges XTRA is a Delaware corporation with its principal place of business in Missouri. (ECF No. 1 at 2). XTRA, however, is not a corporation; it is a limited liability company. According to XTRA's disclosure statement, XTRA is a citizen of Delaware and Missouri. (ECF No. 34).

### *Legal Standard*

A defendant in a state civil action has the right to remove the dispute to federal district court if the case could have been brought there originally. 28 U.S.C. § 1441; *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The plaintiff may move to remand if subject matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). A valid forum selection clause fixing venue in a state court can amount to a defect that qualifies a case for remand. *See, e.g., iNet iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005); *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).

In moving to remand, XTRA argues that it is Rideway's burden to show that removal was proper and all the prerequisite to removal have been satisfied. It further contends that any doubt as to the propriety of removal should be resolved in favor of remand. The Court concurs that it is well established that the removing party bears the burden of establishing subject-matter jurisdiction and that the removal procedures were followed. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The issue before the Court is neither whether there is subject-matter jurisdiction nor if there was a defect in the removal procedure; rather the issue is whether there is a valid contract between the parties that contains an enforceable forum selection clause.

A forum selection clause does not negate subject matter jurisdiction, instead it "prevents a court from exercising jurisdiction over a case that it would otherwise be authorized to hear[.]" *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018).  A valid forum-selection clause operates essentially like an affirmative defense to removal, and the party seeking to apply the clause bears the burden of establishing that a valid forum selection clause exists.[2] *Id.; Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co.*, 940 F.2d 550, 554 (9th Cir. 1991).

In this case, the parties dispute whether there is a valid forum selection clause. As the party seeking to apply the forum selection clause, XTRA bears the burden of proof to establish there is an agreement between the parties whereby Rideway waived its right to remove to this Court. *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1705 CAS, 2016 WL 427959, at *4 (E.D. Mo. Feb. 4, 2016).

Once a valid forum selection clause is established, there is a strong presumption in favor of enforcing valid forum selection clauses. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 66 (2013) ("When parties have

---

[2]The validity of a forum selection clause is a separate inquiry from enforceability. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 62 n. 5 (2013) (the analysis as to the enforceability of a forum selection clause "presupposes a contractually valid forum-selection clause."). Once a valid forum selection clause has been established, the party seeking to avoid its application bears the heavy burden of establishing that it should not be enforced. *Id.* at 66.

contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972).

### *Evidence Presented*

In support of its Motion to Remand, XTRA submitted copies of the following "Equipment Rental Agreements," all of which are purportedly between EXTRA and Rideway:

| Agreement No. | Dated |
|---|---|
| 637055537 | January 30, 2025 |
| 093070936 | December 15, 2024 |
| 060086383 | October 28, 2024 |
| 032068835 | December 26, 2024 |
| 623071813 | November 27, 2024 |
| 043076548 | December 19, 2024 |

(ECF No. 9, Ex. 1). All six Equipment Rental Agreements describe the equipment leased, the rate for the rental, and the date the leases expire. Further, all six Equipment Rental Agreements are signed by a 'Driver," and there is a field in each agreement indicating "Authorized by" Livia Taulean.

Each of the six Equipment Rental Agreements contain the following language:

> Lessee's rental, lease, acceptance, possession or use of XTRA [ ] Equipment is governed by XTRA[ ]'s Standard Terms & Conditions, a copy of which can be found at www.xtralease.com. XTRA[ ]'s

5

    Standard Terms & Conditions are hereby made a part of and incorporated into this Equipment Rental Agreement.

(ECF No. 9, Ex. 1).

XTRA also attached to its Motion to Remand, a copy of a document titled "XTRA[ ]'s Standard Terms and Conditions." This document contains the following provision:

> The Lease and the Standard Terms and Conditions shall be governed by the internal substantive laws of the State of Missouri, without regard to conflicts of laws provisions. Lessee and XTRA [ ] each hereby submit to the jurisdiction of the Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of or related to the Lease, and hereby waive, to the fullest extent permitted by law, any objection to that venue for any action arising out of or related to the Lease. Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA [ ] reserves its right to bring suit in any other appropriate jurisdiction.

(ECF No. 9, Ex. 2 at 6).

In opposing remand, Rideway contends that it has never entered into a contract with XTRA, and that the six Equipment Rental Agreements are not signed by persons on behalf of Rideway. Therefore, Rideway argues, it is not subject to XTRA's Standard Terms and Conditions, which contains the forum selection clause. In support of its contention, Rideway submitted the sworn declaration of its Chief Operating Officer, Eduard Scherbakov. (ECF No. 18, Ex. 1). In his declaration, Mr. Scherbakov avers that Rideway is a motor carrier logistics company "that works solely with owner-operators," who are independent contractors. (*Id.* at 1). He

6

further avers that Rideway "does not and has never authorized any owner-operator" to execute any contract on its behalf.  (*Id.*)   He does state, however, that Rideway "routinely investigates trailer leasing companies that may have trailers available for use by owner-operators" and it did identify XTRA "as an option to several of the independent contractors [who] work with Rideway."  (*Id.* at 2).  He states that Rideway cannot confirm who signed the Equipment Rental Agreements, "but Rideway has confirmed none of the signatures are those of Rideway, nor of any Rideway agent or representative."  (*Id.*)  Mr. Scherbakov avers that Rideway never agreed upon terms with XTRA in any signed contract, and more particularly, it has never accepted the Terms and Conditions referenced in Rideway's Petition.

XTRA provided additional evidence that was attached to its Reply in Support of the Motion to Remand.  XTRA submitted the affidavit of Micheal J. Heggs, the Director of Customer Financial Services at XTRA.  Mr. Heggs attests that prior to entering a contractual relationship with its customers, XTRA "establishes an electronic connection with its customers by allowing customers to submit an online credit application form through Xtra[ ]'s website," and that during the process of completing the form, the customer must click a box indicating it understands that it is agreeing to XTRA's Standard Terms and Conditions, which are available for review on the same webpage. (ECF No. 22, Ex. 1 at 2).  Mr. Heggs further attests that on August 12, 2024, Rideway's President, Livia Taulean, completed an online

7

credit application and clicked on the box indicating that she agreed to XTRA's Standard Terms and Conditions.

In addition, according to Mr. Hegg's affidavit, after a customer's online credit application has been approved, the customer may request that an online account be set up with XTRA, and it may designate an authorized representative to be a user on the online account. Further, when a representative signs up to be a user on its online account, the representative must click a box and accept XTRA's Standard Terms and Conditions. Mr. Heggs attests that on August 21, 2024, Ms. Taulean signed up to be a user on Rideway's online account, and that she clicked the box and accepted XTRA's Standard Terms and Conditions.

## *Discussion*

Electronically signed agreements are enforceable under Missouri law, and when presented with the issue of their validity courts "apply traditional principles of contract law and focus on whether the plaintiff had reasonable notice of and manifested assent to the online agreement."[3] *Major v. McCallister*, 302 S.W.3d 227, 229 (Mo. Ct. App. 2009). *See also* Mo. Rev. Stat. § 432.230 ("[a] record or signature shall not be denied legal effect or enforceability solely because it is in electronic form."); *Perficient, Inc. v. Palfery*, No. 4:20-CV-618 MTS, 2022 WL 1102117, *5 (E.D. Mo. Apr. 13, 2022) (noting "Missouri courts and federal courts applying

---

[3] In their legal memoranda, both sides cite to Missouri law.

8

Missouri law have held 'click-to-accept' types of online agreements [ ] are enforceable").

XTRA has presented sufficient evidence to show that Ms. Taulean set up Rideway's online account and completed a credit application, and that during this process she electronically agreed to XTRA's Standard Terms and Conditions on behalf of Rideway. Rideway has presented no evidence to dispute these facts. The Court, therefore, finds that XTRA has presented undisputed evidence that Rideway agreed to XTRA's Standard Terms and Conditions, which includes the forum selection clause at issue.

Rideway argues it is irrelevant that Ms. Taulean agreed to XTRA's Standard Terms and Conditions when she submitted an online credit application, because the parties' dispute is unrelated to Rideway's credit application. Rideway, however, ignores the fact that there is also evidence that Rideway agreed to XTRA's Standard Terms and Condition when Ms. Taulean opened an online account on behalf of Rideway, and that the six Equipment Rental Agreements indicate that they were authorized by Mr. Taulean under the Rideway Account. (ECF No. 9, Ex. 1 at 1, 3, 5, 7, 9, and 11).

The Court finds that XTRA has presented sufficient evidence that there is a contract between Rideway and XTRA. Rideway agreed to XTRA's Standard Terms and Conditions, which contains a forum selection clause, when Ms. Taulean opened

9

an online account with XTRA on Rideway's behalf.  Further, the Court finds that the dispute at issue in this case is related to the account Ms. Taulean opened and authorized.  The Rideway account is on all six of the Equipment Rental Agreements, and while the Equipment Rental Agreements are not signed by Livia Taulean, Rideway's President, there is evidence that Ms. Taulean authorized them.  In short, XTRA has shown there is an agreement between the parties whereby Rideway waived its right to remove the parties dispute to this Court.  *OHM Hotel Grp., LLC*, No. 4:15-CV-2016 WL 427959, at *4.  The Court grants XTRA's Motion to Remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff XTRA Lease LLC's Motion to Remand is **GRANTED.**  [ECF No. 9]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

An appropriate Order of Remand will accompany this Opinion, Memorandum, and Order.

Dated this 25th day of November, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE